**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LORRAINE MILLER,

    Plaintiff,

v.                                              Case No.   3:19-cv-1133-J-34JRK

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss (Doc. 6; Motion) filed on October 10, 2019.  In the Motion, Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company (collectively, GEICO) assert that Plaintiff's claim for bad faith set forth in Count II of the Complaint for Damages (Doc. 3; Complaint) must either be dismissed without prejudice as premature or abated pending resolution of the underlying litigation. See Motion at 2.  GEICO further contends that the Complaint should be dismissed in its entirety because Plaintiff "improperly commingl[es] causes of actions [sic] against multiple defendants without clearly indicating what each separate defendant did to support the claim against that particular defendant." Id. at 8.  Plaintiff Lorraine Miller filed a response to the Motion on October 23, 2019.  See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 9; Response).  In the Response, Miller does not challenge the assertion that her bad faith claim has not yet accrued.  See generally Response. Instead, she argues that abatement rather than dismissal is appropriate in this case

because, according to Miller, GEICO's alleged conduct gives rise to a presumption of bad faith under Florida law. See id. at 4-5 (citing Fridman v. Safeco Ins. Co. of Ill., 185 So. 3d 1214 (Fla. 2016)). Additionally, Miller argues that she has not improperly commingled the defendants in this action as they are related entities and pending additional discovery, "Plaintiff has no way of identifying the exact GEICO entity" that issued Plaintiff's automobile liability policy. See Response at 5-6.

Upon review, and as acknowledged by both parties, the Court finds that Miller's bad faith claim in Count II is prematurely filed. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991). Florida courts recognize that where a bad faith claim is filed prematurely, either dismissal or abatement is proper. See Safeco Ins. Co. of Ill. v. Rader, 132 So. 3d 941, 948 (Fla. 1st DCA 2014) (explaining that if a bad faith claim is premature it should be dismissed without prejudice or abated); see also Safeco Ins. Co. of Ill. v. Beare, 152 So. 3d 614, 617 (Fla. 4th DCA 2014); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008). "The decision of whether to dismiss without prejudice or to abate these claims lies within the sound discretion of the trial court." Smith v. First Liberty Ins. Corp., No. 6:14-cv-1871-Orl-22DAB, 2015 WL 12843221, at *1 (M.D. Fla. Mar. 18, 2015). Upon review of the Complaint and the arguments presented, the Court is of the view that the better course of action in this case is to dismiss the bad faith claim set forth in Count II without prejudice.[1]

---

[1] Miller's contention that the Court should abate, rather than dismiss this action because she has alleged a "facially plausible claim," is inapposite. See Motion at 4-5. Regardless of whether Miller may ultimately be able to prevail on her bad faith claim, until such time as her underlying claim for underinsured motorist benefits is resolved, the bad faith claim is premature. In such circumstances, the Court is persuaded that dismissal without prejudice, rather than abatement, is the appropriate course. See Terenzio v. LM Gen. Ins. Co., __ F. Supp. 3d ___, 2019 WL 7841718, at *1-3 (S.D. Fla. Apr. 18, 2019); Keenan v. LM Gen. Ins. Co., No. 6:17-cv-1426-Orl-40GJK, 2018 WL 565679, at *2 (M.D. Fla. Jan. 25, 2018); Smith, 2015 WL 12843221, at *2.

With respect to GEICO's argument that dismissal is warranted because Miller improperly commingles the GEICO Defendants, the Court is not persuaded. The Eleventh Circuit Court of Appeals recognizes several types of impermissible "shotgun" pleadings, one of which includes "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320-23 (11th Cir. 2015). The problem with this practice, as with all shotgun pleadings, "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. Here, however, Miller's decision to group the related GEICO Defendants together does not create an impermissibly vague pleading, especially now that only one claim will remain in this action. Indeed, the GEICO Defendants do not assert that they are unable to discern the claim against them or the grounds upon which that claim rests. It is apparent that Plaintiff is asserting the same breach of contract claim against all four Defendants based on the same conduct – refusal to pay monetary benefits pursuant to her insurance policy. See Complaint at 4. In the Response, Miller explains that she named all four of these related entities because, without additional discovery, she cannot determine which entity is the company that issued her automobile liability policy. See Response at 6. Miller asserts that "[o]nce Defendants identify the exact GEICO entity or entities that issued the policies providing coverage for this incident, Plaintiff has agreed to dismiss the remaining entities." Id. As such, given GEICO's failure to show any prejudice or confusion stemming from Miller's manner of

pleading, the Court finds that dismissal of the Complaint in its entirety is unwarranted under the circumstances.   In light of the foregoing, it is

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**, to the extent that it seeks dismissal of Count II without prejudice, and otherwise **DENIED**.

2. Count II of Plaintiff's Complaint for Damages is **DISMISSED without prejudice**.

3. Defendants shall file a responsive pleading as to Count I in accordance with Rule 12(a)(4)(A), Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record